IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JASON MONTGOMERY,

    PLAINTIFF,

VS.                                                        CV NO.:

INSANE PAINT AUTO
DETAILING, LLC & CHASE
TUBBS,

    DEFENDANTS.                            JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Jason Montgomery, (hereinafter "Plaintiff") is a resident of Hoover, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant Insane Paint Auto Detailing, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4. Defendant Chase Tubbs (hereinafter "Defendant"), is an individual and resident of Helena, Shelby County, Alabama, as well as the owner of Insane Paint Auto Detailing, LLC; he supervised the day-to-day operations of Defendant Insane Paint Auto Detailing, LLC, including the direct supervision of the Plaintiff's job duties, meaning that he is an employer as defined by the FLSA.

### III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Defendants hired Plaintiff during October 2017.

7. Defendants employed Plaintiff as a Maintenance Detailer.

8. Defendant Chase Tubbs terminated Plaintiff's employment with Defendant Insane Paint Auto Detailing, LLC, on July 1, 2019.

9. Upon information and belief, Defendant Chase Tubbs is the sole shareholder of Defendant Insane Paint Auto Detailing, LLC.

10. Defendant Insane Paint Auto Detailing, LLC, is in the business of detailing and washing cars to a higher level of precision than that of an ordinary car wash.

11. Defendant Insane Paint Auto Detailing, LLC, provided Plaintiff with machines, equipment, tools, supplies and car wash cleaner supplies that were transported or produced outside of the State of Alabama.

12. Defendant Insane Paint Auto Detailing, LLC's use of such machines, equipment, tools, supplies, and car wash cleaner supplies were necessary for the services it provided to its customers.

13. At all times during the employment relationship, Defendants classified Plaintiff as a non-exempt employee.

14. During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week.

15. Defendants did not compensate Plaintiff overtime premium for hours worked in excess of forty during any work week.

16. Defendant Chase Tubbs supervised the day-to-day operations of Defendant Insane Paint Auto Detailing, LLC.

17. Defendant Chase Tubbs directly supervised Plaintiff's daily job duties.

18. Defendant Chase Tubbs determined Plaintiff's schedule, the client vehicles that Plaintiff serviced for each day, and all assigned tasks to be performed for the client's vehicle.

19. Defendants scheduled Plaintiff to arrive for his job duties at 8:00 a.m. every Monday through Friday.

20. However, depending on the workload, Defendants expected Plaintiff to arrive as early as 7:00 a.m.

21. Defendants scheduled Plaintiff to take a one-hour lunch; however, depending on the workload, Plaintiff skipped the a one-hour meal period, such that he did not take time for a meal break or was otherwise limited to a break of fifteen (15) minutes or less.

22. Plaintiff's workday ended at approximately 5:00 p.m.; however, for many workdays, Plaintiff worked until 6:00 or 7:00 p.m.

23. On a few occasions, customers paid Plaintiff a tip; however, Defendant Tubbs retained that tip.

24. From the beginning of Plaintiff's employment through late 2018, Defendants initially paid Plaintiff on a "per vehicle basis" and paid Plaintiff in cash.

25. During late 2018, Defendants began using a payroll company and paid Plaintiff a salary of $2,000.00 per month.

26. Defendants then claimed that Plaintiff was not paid a salary, but "a draw" that he had to earn back over the course of a month.

27. Defendant often provided customers a discount that further reduced Plaintiff's pay.

28. On or about June 8, 2019, Defendant Tubbs reduced Plaintiff's pay by $150.00 because of the reduction in business resulted by the Memorial Day Holiday.

29. After Defendants terminated Plaintiff's employment on July 1, 2019, Defendants "allowed" Plaintiff to work without compensation for July 1-3, 2019, to "pay back Defendant."

## IV. COUNT ONE – FLSA – Overtime Violations

30. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-29 above.

31. During the three years preceding the filing of this Complaint, Defendant Insane Paint Auto Detailing, LLC was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

32. During the three years preceding the filing of this Complaint, Defendant Insane Paint Auto Detailing, LLC has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

33. As part of his job duties, Plaintiff transported customers that left their vehicles with Defendants at its shop back to their homes, and when the work on the vehicles was completed, Plaintiff transported the customer from his home or place of employment back to Defendants' worksite.

34. Plaintiff also contacted Defendants' customers with the use of the company telephone and/or the use of Plaintiff's personal cell phone to inform the client about the status of the vehicle or arrange for their transportation to and from Defendant's premises.

35. Upon information and belief, during the three years preceding the filing of this Complaint, Defendant Insane Paint Auto Detailing, LLC's gross annual volume of revenue on a rolling quarterly basis exceeded $500,000 per year.

36. At all times relevant to this action, Defendant Insane Paint Auto Detailing, LLC was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

37. At all times relevant to this action, Defendant Chase Tubbs was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

38. Defendant Chase Tubbs determined Plaintiff's schedule, the client vehicles that Plaintiff serviced for each day, and all assigned tasks to be performed for the client's vehicle.

39. During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated Maintenance Detailers were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

40. Plaintiff and all similarly situated Maintenance Detailers employed by Defendants were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants.

41. During the three years preceding the filing of this Complaint, Defendants failed to record Plaintiff's hours worked in excess of forty hours for a workweek.

42. Defendant failed to pay Plaintiff overtime premium for all hours worked in excess of forty in a work week.

43. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

### V. COUNT TWO – FLSA – Unpaid Minimum Wage

44. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-43 above.

45. Defendants failed to pay Plaintiff minimum wage for labor performed from July 1-3, 2019.

46. Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours he worked from July 1-3, 2019.

47. As a result of Defendant's pay practices, Plaintiff seeks recovery of his wages such that he be paid the minimum wage for all hours worked.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

/s/ Allen D. Arnold
Allen D. Arnold

OF COUNSEL:

ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

/s/
OF COUNSEL

DEFENDANTS' ADDRESSES:
Insane Paint Auto Detailing, LLC
c/o Chase Tubbs
2619 Trillium Circle
Helena, AL 35022

Chase Tubbs
1141 Morgan Park Drive
Pelham, AL 35124